UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BARBARA MC DONALD,

                                  Plaintiff,

                                                          DECISION AND ORDER

                                                          09-CV-6357L

                    v.

K-2 INDUSTRIES, INC.,
d/b/a Pavilion Gift Company,

                                  Defendant.
_____

BARBARA MC DONALD,

                                  Plaintiff,

                    v.                                    10-CV-6678L

K-2 INDUSTRIES, INC.,
d/b/a Pavilion Gift Company, a New York Corporation,
et al.,

                                  Defendants.
_____

        These two actions were consolidated, by stipulation of the parties, in September 2011. *See*

09-CV-6357 Dkt. #45. Defendants' motion to dismiss is currently under advisement by the Court.

That motion is addressed only to the claims raised in the 2010 action, 10-CV-6678, which mostly

raises copyright infringement claims.

        Some of the parties' arguments with respect to the motion to dismiss relate to the parties'

Artist Letter Agreement, but that agreement is not mentioned in the complaint in the 2010 action,

nor was it filed as part of the pleadings in that action. That agreement has been filed in the 2009

action, but although the actions have been consolidated, they retain their separate identities. *See Katz*

*v. Realty Equities Corp. of New York*, 521 F.2d 1354, 1358 (2d Cir. 1975) ("It is axiomatic that consolidation is a procedural device designed to promote judicial economy and that consolidation cannot effect a physical merger of the actions or the defenses of the separate parties"); *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135 F.3d 750, 752 (5th Cir. 1998) ("consolidation of cases ... does not strip the cases of their individual identities"). Thus, the Court cannot simply import wholesale everything that has been filed in the 2009 case into the 2010 case, particularly for purposes of deciding a Rule 12(b)(6) motion.

In addition, plaintiff has submitted a declaration (which was filed in the 2009 action, Dkt. #41, but relates to the motion to dismiss the 2010 action) in which she states that defendants have deliberately misclassified some of her artworks, so as to put them outside the scope of the parties' agreement concerning the "Pierced Angels" and "Elements" lines. Again, that declaration is outside the pleadings in the 2010 action, and therefore the Court cannot consider it on a motion to dismiss under Rule 12(b)(6).

I realize that none of the parties here appear to dispute that the parties entered into the Artist Letter Agreement, and although plaintiff contends that the agreement does not bar her copyright claims, she does not appear to deny that it has some relevance to the pending motion to dismiss. In fact, both sides seem to take it for granted that the Court will at least consider the terms of the agreement in deciding the motion.

Nevertheless, the Court cannot simply ignore the dictates of the Federal Rules. Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

I believe that is the best course of action here. Accordingly, the Court hereby gives the parties notice of its intention to convert defendants' motion to dismiss to a motion for summary judgment under Rule 56, as set forth in the Conclusion of this Order.

## CONCLUSION

Within twenty-one (21) days after the date of issuance of this Order, defendants shall submit any additional materials pertinent to their motion, in accordance with Rule 56(e) of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of Civil Procedure for this district.

Plaintiff shall submit any additional materials in opposition within fifteen (15) days after the date of filing of defendants' submission.

If either party chooses to rely on materials that have already been filed in either of these two consolidated cases, the parties may so indicate, and need not resubmit them.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 25, 2013.